UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WARREN J. COURVILLE,

            Plaintiff,

vs.     Case No.  2:13-cv-269-FtM-29DNF

RITA A. MARINI,

            Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on a jurisdictional review of the untitled, one-page "Complaint" (Doc. #1) filed on April 9, 2013, by a *pro se* plaintiff (husband) against a his wife with an address in Massachusetts.  Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).  See also Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006)("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

The Complaint is "for contested divorce with combined marital assets greater than 75.000 dollars." (Doc. #1.) Plaintiff asserts diversity jurisdiction. Plaintiff alleges that he filed for divorce in Florida however defendant's residence could not be established. Plaintiff further alleges that defendant filed for divorce in Massachusetts but the petition was dismissed also because of a lack of evidence with regard to residence. Attached to the Complaint is a February 25, 2013 Memorandum of Decision and Order (Doc. #1-1) by the Commonwealth of Massachusetts Trial Court Probate and Family Court Department staying plaintiff-husband's motion to dismiss for lack of personal jurisdiction to allow defendant (wife) to amend her complaint. The Massachusetts court stated that if no amended complaint was filed the court would dismiss the wife's complaint based on plaintiff-husband's motion to dismiss for lack of personal jurisdiction. Also attached to the Complaint is an August 22, 2012 Order Staying Dissolution Petition (Doc. #1-4) by the Twentieth Judicial Circuit Court in and for Lee County, Florida finding that Florida was not the matrimonial domicile and that there was no jurisdiction to dissolve the marriage, but staying the case because the dissolution action pending in Massachusetts may have jurisdiction.

Plaintiff appears to argue that subject-matter jurisdiction exists based on the presence of diversity jurisdiction, and because of the apparent lack of state jurisdiction in Florida and

Massachusetts. Plaintiff seeks to litigate the equitable distribution of marital assets and to grant him a divorce from defendant. As early as the Judiciary Act of 1789, the United States Supreme Court has elected to "disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery or as an incident to divorce *a vinculo*, or to one from bed and board." Barber v. Barber, 62 U.S. 582, 584, 16 L. Ed. 226 (1859). This judicially created "domestic relations exception" was later reaffirmed to divest "the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992). See also Kirby v. Mellenger, 830 F.2d 176, 177 (11th Cir. 1987)("The domestic relations exception to diversity of citizenship jurisdiction is a well-accepted doctrine which allows the federal courts to abstain from deciding cases presenting intrafamily disputes.").

The relief sought by plaintiff necessarily would "mandate inquiry into the marital or parent-child relationship." Ingram v. Hayes, 866 F.2d 368, 370 (11th Cir. 1988)(citing Jagiella v. Jagiella, 647 F.2d 561, 565 (5th Cir. 1981). See also Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 13 (2004)("in general it is appropriate for the federal courts to leave delicate issues of

domestic relations to the state courts."). Therefore, the Court finds that the domestic relations exception applies in this case.

Additionally, neither Florida, nor Massachusetts have had an opportunity to consider the issues due to a lack of evidence on residency in both courts.

Accordingly, it is now

**ORDERED**:

1. The "Complaint" is dismissed without prejudice for lack of subject-matter jurisdiction. The Clerk shall enter judgment accordingly, terminate all deadlines, and close the case.

2. As a result, the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff