UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WARREN J. COURVILLE,

    Plaintiff,

vs.        Case No.  2:13-cv-269-FtM-29DNF

RITA A. MARINI,

    Defendant.

_____

## OPINION AND ORDER

  This matter comes before the Court on a jurisdictional review of the untitled, one-page "Complaint" (Doc. #1) filed on April 9, 2013, by a *pro se* plaintiff (husband) against a his wife with an address in Massachusetts.  Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001).  If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).  See also Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006)("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

The Complaint is "for contested divorce with combined marital assets greater than 75.000 dollars." (Doc. #1.) Plaintiff asserts diversity jurisdiction. Plaintiff alleges that he filed for divorce in Florida however defendant's residence could not be established. Plaintiff further alleges that defendant filed for divorce in Massachusetts but the petition was dismissed also because of a lack of evidence with regard to residence. Attached to the Complaint is a February 25, 2013 Memorandum of Decision and Order (Doc. #1-1) by the Commonwealth of Massachusetts Trial Court Probate and Family Court Department staying plaintiff-husband's motion to dismiss for lack of personal jurisdiction to allow defendant (wife) to amend her complaint. The Massachusetts court stated that if no amended complaint was filed the court would dismiss the wife's complaint based on plaintiff-husband's motion to dismiss for lack of personal jurisdiction. Also attached to the Complaint is an August 22, 2012 Order Staying Dissolution Petition (Doc. #1-4) by the Twentieth Judicial Circuit Court in and for Lee County, Florida finding that Florida was not the matrimonial domicile and that there was no jurisdiction to dissolve the marriage, but staying the case because the dissolution action pending in Massachusetts may have jurisdiction.

Plaintiff appears to argue that subject-matter jurisdiction exists based on the presence of diversity jurisdiction, and because of the apparent lack of state jurisdiction in Florida and

Massachusetts.   Plaintiff   seeks   to   litigate   the   equitable
distribution  of  marital  assets  and  to  grant  him  a  divorce  from
defendant.   As  early  as  the  Judiciary  Act  of  1789,  the  United
States  Supreme  Court  has  elected  to  "disclaim  altogether  any
jurisdiction in the courts of the United States upon the subject of
divorce,  or  for  the  allowance  of  alimony,  either  as  an  original
proceeding in chancery or as an incident to divorce *a vinculo*, or
to one from bed and board."  Barber v. Barber, 62 U.S. 582, 584, 16
L. Ed. 226 (1859).   This judicially created "domestic relations
exception"  was  later  reaffirmed  to  divest  "the  federal  courts  of
power  to  issue  divorce,  alimony,  and  child  custody  decrees."
Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2215,
119 L. Ed. 2d 468 (1992).   See also Kirby v. Mellenger, 830 F.2d
176,  177  (11th  Cir.  1987)("The  domestic  relations  exception  to
diversity  of  citizenship  jurisdiction  is  a  well-accepted  doctrine
which  allows  the  federal  courts  to  abstain  from  deciding  cases
presenting intrafamily disputes.").

The  relief  sought  by  plaintiff  necessarily  would  "mandate
inquiry into the marital or parent-child relationship."  Ingram v.
Hayes,  866  F.2d  368,  370  (11th  Cir.  1988)(citing  Jagiella  v.
Jagiella,  647  F.2d  561,  565  (5th  Cir.  1981).   See also Elk Grove
Unified Sch. Dist. v. Newdow, 542 U.S. 1, 13 (2004)("in general it
is  appropriate  for  the  federal  courts  to  leave  delicate  issues  of

domestic relations to the state courts."). Therefore, the Court finds that the domestic relations exception applies in this case.

Additionally, neither Florida, nor Massachusetts have had an opportunity to consider the issues due to a lack of evidence on residency in both courts.

Accordingly, it is now

**ORDERED:**

1. The "Complaint" is dismissed without prejudice for lack of subject-matter jurisdiction. The Clerk shall enter judgment accordingly, terminate all deadlines, and close the case.

2. As a result, the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff

-4-